FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 21, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BEDROCK MASONRY, INC, United States for the benefit and use of Bedrock Masonry, Inc., an Idaho corporation,<br><br>Plaintiff,<br><br>v.<br><br>INNOVATIVE CONSTRUCTION & DESIGN LTD, a Washington corporation; BERKLEY INSURANCE COMPANY, a Delaware corporation,<br><br>Defendants. | NO:  2:19-CV-429-RMP<br>NO:  2:19-CV-375-SMJ<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE |

BEFORE THE COURT is a Motion to Consolidate Pursuant to Fed. R. Civ. P. 42(a) by Plaintiff Bedrock Masonry, Inc. ("Bedrock"), ECF No. 17.  Having reviewed Bedrock's Motion and attachments, ECF No. 17; Defendants Innovative Construction & Design, Ltd. ("ICD") and Berkley Insurance Company's ("Berkley") Response in opposition to the Motion, ECF No. 18; Bedrock's Reply, ECF No. 19; the remaining record; and the relevant law, the Court is fully informed.

ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE ~ 1

# BACKGROUND

Bedrock moves to consolidate the above-captioned action with a lawsuit pending between Plaintiff Monster Concrete, Inc. ("Monster") and Defendants ICD and Berkley in this District, Case No. 2:19-cv-375-SMJ. Bedrock and Monster were both subcontractors in the Bureau of Reclamation's Grand Coulee Dam Fire Station, Contract No. R16PC00143 (the "Project"). *See* ECF No. 17-1 at 2; 17-2 at 2. ICD was the general contractor on the Project. ECF No. 11 at 10.

Bedrock asserts that Bedrock and Monster worked on the project "during the same general period," and both Bedrock and Monster ceased working on the Project after alleged nonpayment by ICD. *See* ECF No. 17-1 at 2; 17-2 at 2. Defendants counter that the timeframes and scopes of work for the subcontract between ICD and Bedrock differ significantly from those in the subcontract between ICD and Monster. ECF No. 18 at 6. Bedrock allegedly entered a subcontract with ICD to provide "masonry labor and materials" on October 24, 2016, and began its scope of work on the Project on April 9, 2018. ECF No. 1 at 3. Monster allegedly entered a subcontract with ICD to provide concrete construction services for the Project on December 11, 2017, and began its scope of work the same month. ECF No. 1 at 3 in Case No. 2:19-cv-375-SMJ. Bedrock's subcontract allegedly provided for Bedrock to perform the scope of work for a fixed price while Monster's subcontract provides for performance on a time and materials basis. ECF Nos. 1 at 3; 1 at 3 in Case No. 2:19-cv-375-SMJ.

ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE ~ 2

1    Monster filed its Complaint on October 31, 2019, asserting the following
2 causes of action against ICD or Berkley, as noted: breach of contract (ICD);
3 quantum meruit/unjust enrichment (ICD); negligent misrepresentation (ICD);
4 violation of the Washington Consumer Protection Act (ICD); promissory estoppel
5 (ICD); fraud (ICD); and foreclosure against Miller Act Payment Bond (Berkley).
6 ECF No. 1 at 7−11 in Case No. 2:19-cv-375-SMJ.

7    On December 31, 2019, ICD and Berkley answered the Complaint and raised
8 the following affirmative defenses: failure to state a claim upon which relief can be
9 granted; material breach of the subcontract, excusing nonperformance; material
10 breach of the subcontract, disentitling Monster from making a claim against the
11 bond issued by Berkley; claims subject to the right of offset; doctrine of unclean
12 hands; breach of the covenant of good faith and fair dealing; claims barred by
13 doctrines of estoppel, laches, and waiver; and full performance by ICD of all
14 contractual obligations to Monster. ECF No. 9 at 7−8 in Case No. 2:19-cv-375-
15 SMJ. Additionally, ICD asserted the following counterclaims against Monster:
16 breach of contract/breach of good faith and fair dealing; unjust enrichment; and
17 promissory estoppel. *Id.*

18    Bedrock filed its Complaint in the instant lawsuit on December 23, 2019.
19 ECF No. 1. Bedrock's Complaint raised the same causes of action against ICD and
20 Berkley as those raised by Monster's Complaint in Case No. 2:19-cv-375-SMJ.
21 ECF No. 1 at 7. When ICD and Berkley filed their Answer on February 21, 2020,

1  Defendants raised the same affirmative defenses, and ICD raised the same

2  counterclaims, as those raised in Case No. 2:19-cv-375-SMJ against Monster.

3        Monster, ICD, and Berkley exchanged their initial disclosures pursuant to

4  Fed. R. Civ. P. 26(a)(1)(A) on February 13, 2020, and Bedrock, ICD, and Berkley

5  exchanged their initial disclosures on March 31, 2020.  ECF Nos. 17-4, 17-5, 17-6,

6  and 17-7.  The witnesses disclosed by Plaintiff and Defendants in the instant lawsuit

7  closely mirror the witnesses disclosed in Case No. 2:19-cv-375-SMJ.  *Id.*

## LEGAL STANDARD

9        Rule 42(a), Fed. R. Civ. P., permits courts to consolidate actions pending in

10  the same district that "involve a common question of law or fact . . . ."  Actions,

11  however, need not be identical prior to consolidation under Rule 42.  *See Takeda v.*

12  *Turbodyne Techs., Inc., et al.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (writing

13  that Rule 42 does not "demand[] that the actions be identical before they may be

14  consolidated").  District courts have broad discretion regarding whether to

15  consolidate.  *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987).

16  Generally, courts weigh "the interest in judicial convenience against the potential for

17  delay, confusion, and prejudice caused by consolidation."  *Paxonet*

18  *Communications, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028 (N.D. Cal.

19  2003) (citation omitted).

## DISCUSSION

21        Bedrock contends that common issues of fact and law exist in this lawsuit and

ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE ~ 4

Monster's lawsuit against Defendants. ECF No. 19 at 2. However, ICD and Berkley respond that the claims and counterclaims in the two lawsuits pertain "to entirely separate contracts, involving entirely unrelated scopes of work, and alleging distinctly separate breaches." *See* ECF No. 18 at 7−9.

Bedrock further asserts that consolidation of the two lawsuits is likely to result in cost savings for all parties involved. ECF No. 19 at 4. ICD and Berkley respond that Bedrock's Motion is "a transparent attempt to strategically 1) combine financial resources by sharing the costs for a single litigation team and 2) to allow Plaintiffs to jointly present evidence from each other's claims which would otherwise be irrelevant and prejudicial if presented in separate trials." ECF No. 18 at 5. However, Defendants do not provide any specific types of evidence that they anticipate would be irrelevant or prejudicial if the cases were consolidated. Defendants further assert that issues of convenience and economy must not predominate over "the paramount concern for a fair and impartial trial." ECF No. 18 at 3−4 (citing *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993, on reh'g, 35 F.3d 637 (3d Cir. 1994) (internal quotation omitted)).

The Court finds that consolidation is prudent and warranted in these matters and that the overlaps that Bedrock has set forth in briefing this Motion, between the claims, counterclaims, affirmative defenses, evidence, and counsel in the two lawsuits, will result in reduced costs and increased efficiencies in the resolution of the two Complaints, as well as the affirmative defenses and counterclaims. While

ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE ~ 5

the Court acknowledges that there are distinct factual determinations that may have to be made regarding Monster and Bedrock and their respective relationships with Defendants and to the Project, the similarities between the two matters is more than superficial, as Defendants would have the Court believe.  The Court also finds that consolidation of these two contractual disputes does not risk the confusion and potential for injustice discussed in the caselaw cited by Defendants, which addressed the mass litigation context.  *See* ECF No. 18 at 3−4 (quoting the following from *In re Repetitive Stress Injury,* 11 F.3d at 373: "'The systemic urge to aggregate litigation must not be allowed to trump our dedication to individual justice, and we must take care that each individual plaintiff's—and defendant's—cause not be lost in the shadow of a towering mass litigation.'") (quoting *In re: Brooklyn Navy Yard Asbestos Litig.*, 971 F.2d 831, 853 (2d Cir. 1992) (emphasis in Defendants' brief removed)).  "[A]n act of consolidation does not affect any of the substantive rights of the parties." *J.G. Link & Co. v. Continental Cas. Co.*, 470 F.2d 1133, 1138 (9th Cir. 1972).  Bedrock's request for relief under Fed. R. Civ. P. 42(a) is granted.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff Bedrock's Motion to Consolidate, **ECF No. 17**, is **GRANTED**.

2. The District Court Clerk is instructed to consolidate Case Nos. 2:19-cv-429-RMP and 2:19-cv-375-SMJ under the 2:19-cv-429-RMP case number.

ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE ~ 6

1   All future filings for these consolidated actions shall be made under Case No. 2:19-cv-429-RMP.  The file for Case No. 2:19-cv-375-SMJ shall be **closed**.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** July 21, 2020.

                              *s/ Rosanna Malouf Peterson*
                              ROSANNA MALOUF PETERSON
                              United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE ~ 7